07-3312 Greenstreet v. Social Security Administration Mr. Keet. Good morning. My name is Philip Keet. I'm here on behalf of Lance Greenstreet, the petitioner. This is the arbitrary suspension case. The parties agree that Mr. Greenstreet engaged in serious misconduct as an employee of the Social Security Administration and that he is deserving of suspension by simply saying reinstatement without back pay. That is, he set a suspension as equal to the amount of time Mr. Greenstreet happened to be off the payroll before the decision was issued. Isn't it correct that since there was some fault found that the arbitrator could make a determination with the assistance of the Douglas factors to reach a conclusion that back pay was not warranted? No, your honor. That leaps to a point which I think the agency is conceded is not involved in this case. That is, here's a problem which I hope to evade but we'll have to answer the judge's question. The Back Pay Act says if an employee is found to have been the victim of an unwarranted personnel action, he shall be reinstated with back pay. This court in the American Federation case, faced with a truly bizarre set of facts, held that the Back Pay Act does not apply in a case where the employee was guilty of some misconduct which led the agency to incorrectly fire him. Which is our case. Well, actually there's a distinction. What actually happened in the American Federation, if I read the court's summary of the arbitrator's rationale, the employee's misconduct in withholding information had led or contributed to the agency's improperly firing her. I think that was the arbitrator saying, her misconduct contributed to the mistake in discharging her. But, obviously this court, I think in all it, read it the way your honor reads it. Although, if that is correct, if the Back Pay Act does not apply in a case where the employee is guilty of some misconduct, then it is impossible for the MSPB to mitigate a discharge to a two week or two month suspension and have the employee pay the difference between the suspension and the full discharge. This is very, very serious. The premise of the Civil Service Reform Act, as we've discussed. I guess you're arguing that a two week suspension and then a two year period without pay is like a two week and two year suspension. There isn't any difference. That is one of the things we're saying. But, also what gets to what the American Federation was saying is that no one, the MSPB or this court, can effectively mitigate a discharge to a two week suspension because the Back Pay Act doesn't apply. If the Back Pay Act doesn't apply and if the Supreme Court of the United States is correct in Teston versus U.S. that the only basis for providing back pay in the case of an unjustified personnel action is the Back Pay Act. We're sort of at a loss of where the government is authorized to pay back pay in the case of a justified personnel action. If this court feels, determines, that it cannot rule in Mr. Green Street's favor without trespassing on American Federation, then we certainly suggest consideration on Bonk. Because the whole Civil Service Reform Act, the Douglas case, the various cases that this court has decided on mitigation, have all assumed and the practice has always been that the MSPB and this court has the authority, the power under the Back Pay Act, when it mitigates a two year discharge, after two years mitigates it to a two week suspension, the Back Pay Act does mandate that the employee get the back pay for the difference between the two weeks and the two years. This is very serious. Is it really your best argument that a determination of a penalty based on time served without more is arbitrary? Absolutely. And there's two aspects to this question. One is should this court set aside decisions that are arbitrary and secondly is the decision arbitrary? On the first point, which is challenged by the agency, the 5 U.S.C. 7703C1 unequivocally says this court shall set aside a decision which is arbitrary. And then there's eight or nine other grounds on which it could set aside a decision, but they're all linked by or. And the government is telling us that this court cannot and should not set aside an arbitrary decision on penalty unless the underlying decision is also unsupported by substantial evidence or unless the penalty taken by itself is disproportionate to the offense. But that's not what the law says. And the law says this court shall do it and that is a restraint on the MSPB and arbitrators from doing arbitrary things. And the MSPB reads it that way. If it's purely arbitrary, let's take the original... But how do we know whether this is arbitrary or not? Because the arbitrator's analysis goes through all the Douglas factors. He goes through the Douglas factors to find that discharge was improper. Had he gone on and said, and the agency asks you to find this specifically, the arbitration hearing was on April 5th. If on April 5th he'd gone through the Douglas factors and said, and therefore, because of comparing this to other cases and how other suspensions have done, I'm going to impose a 342-day suspension, then we would have a problem. But it's clear from what he did, if he had issued a bench decision on April 5th, he would have said reinstatement without back pay. But he certainly recognized the period of time because the period of time is explicitly mentioned here. It's not like this was just not even in his realm of consideration. Yes, but the question is, is an employee entitled... Let's take a starting point when management's initially deciding to discipline him. And management decides, we're not going to fire him, we're going to give a suspension, so we'll roll the dice and we'll give him 30 days for each number that comes up. And maybe comes up two and he gets a 60-day suspension, comes up 10 and he gets a 300-day suspension. As this court's predecessor said in Quiffo, when you determine the penalty by accident, that's not a process of logical deliberation, that is arbitrary. And that really is, it's not a, I'm afraid, it's not much complexity here. Was the arbitrator asked, after the decision finally came out and all this time had passed, to review the penalty or be more specific as to the pay loss penalty? No, Your Honor, there was no lack of clarity. It's no question that the arbitrator was doing what arbitrators sometimes do in a private sector, which was to reinstate without back pay. There was no lack of clarity. And nobody, I suppose, maybe should have asked him to reconsider, but that wasn't, he did something which he clearly thought he was authorized to do. We say that neither he nor the MSPB, and the MSPB agrees with us on this, is authorized to simply set the severity based on the length of time it takes to make the decision. In response to Judge Lynn, it might, I don't know if we'd have a challenge if he said, this is a sort of thing which two years penalty, two years discharge would be too long, six months would be too short. I'm looking at the calendar. It's obviously, not obviously, you can't have absolute precision in this sort of thing. I'm establishing a penalty of 342 days, or 340, we're not writing about days, you know, one or two days. But if he had issued a bench decision, or if the typical MSPB case, I believe they're required to issue their administrative judge decisions in 120 days. But then if that's reviewed, it can be a year or two. And that just doesn't make sense. And it doesn't cost anybody very much to have the arbitration. If you remand, there's no guarantee that he'll reduce the penalty. He may create a, you know, here for the argument and come up with 340 days or 330 days. That's the chance Mr. Greenstreet takes. But the point of this appeal is simply that employees are entitled to a non-arbitrary calculation. And if it's within the realm of reason, it's going to be upheld. But we're just entitled, whether from the employing agency or the MSPB or an arbitrator, at least to this, that we don't decide the guilt or innocence by flipping a coin, and we don't decide penalties by rolling dice. And that's what happened here. And I'll reserve and balance my time. Okay. Good morning. May it please the court, the arbitrator's decision in this case was neither arbitrary, capricious, and abuse of discretion, and it was supported by substantial evidence. This court has consistently held that an arbitrator may, in mitigating a penalty, impose a time-served suspension if the employee was at least in part responsible for the penalty and engaged in misconduct warranting some suspension. In this case, the arbitrator found that Mr. Greenstreet engaged in serious misconduct, which warranted a substantial suspension. Therefore, the imposition of a 342-day disciplinary suspension without back pay was reasonable and proportionate to the offense. Where is his analysis of the reasonableness of the period of time for back pay? Well, he considers all of the Douglas factors, and then he determines that a... A suspension is... Right, a substantial suspension, it's like a tongue twister, is the appropriate penalty. And then he explicitly finds, he doesn't explicitly consider the 342 days exactly, but his decision implicitly finds that the time-served suspension is reasonable and proportionate to the offense. But there... I mean, it seems to me that the entire thrust of the decision was to assess whether the removal was in order or a suspension would be in order. And the analysis throughout was addressing that particular question and concluded at the very last page that, considering the Douglas factors, a substantial suspension is the maximum reasonable penalty. And then sets forth the award, and just summarily, grievance shall be reinstated without back pay. I don't find any analysis or rationale or basis that goes with the determination that... A substantial suspension is a reasonable period of... With no back pay? Well, that's correct, Your Honor. There's not... It's not specifically analyzed, but it's implicit in his decision that he determines a substantial suspension is the appropriate penalty after consideration of the Douglas factors. And then he specifically says he's reinstated without back pay. Yeah, I don't disagree with you, but it's just a question of having concluded that a substantial suspension is in order. Then the question is, well, what does that mean? Is that six months? Is that a year? Is that a year and a half? And he doesn't say a word about that. No, he does not specifically address that, but he does implicitly imply that this is the appropriate penalty To the extent that this court is concerned that it's not specifically addressed, then the appropriate remedy would be a remand to ask the arbitrator to address that specific question, whether a 342-day suspension was reasonable and proportionate based on his consideration of the Douglas factors. Ms. Conrad, your opponent is arguing that the Back Pay Act provides that on correction of personnel action, the employee is entitled to receive back pay. But the premise of that is an employee affected by an unjustified or unwarranted personnel action. Is it your position that the personnel action here was not unwarranted or unjustified because he admitted conduct? That's correct, Your Honor. And actually, he admitted before the arbitrator that he committed serious misconduct and that a substantial suspension was the remedy that he was seeking. So, yes, in accordance with this court's decisions in American Federation and OLEC, he did commit serious misconduct, which warranted a strong response from the agency. We're only arguing not whether the provision of the Back Pay Act is totally governing, but the penalty. That's correct. Which is discretionary. That's correct. That's correct, Your Honor. But isn't it within the charge to an arbitrator in this context to decide all of the issues, to decide that removal was not warranted, and to either decide an appropriate penalty or put in the works the determination of an appropriate penalty, rather than let it depend on chance as to how long it takes to process an opinion, what other more pressing items are on the arbitrator's agenda? Whatever it is that contributed to over 300 days delay in continuing, in going through the grievance and arbitration process, doesn't seem to have any relationship to the severity of the infraction. Well, Your Honor, our response to that would be, in some cases, perhaps the time served suspension would not be reasonable and proportionate to the offense. But in this case, it is reasonable and proportionate to the offense. Isn't that something that at least needs to be determined objectively in the particular context? Well, the arbitrator has, as you noted, broad discretion in fashioning a just award, which takes into account the party's mutual interest in conduct. And in this case, we believe that he did, by considering the Douglas factors and reducing, based on mitigating factors, his removal to a substantial suspension. But they were all discussed in relationship to the removal. Isn't that right? He doesn't talk about the length of time in which Mr. Greenstreet hasn't been paid? He doesn't specifically address that length of time, with the exception of the award. But no, I believe the Douglas factors also address the seriousness of his misconduct, which would merit a substantial suspension, like he received in this case. For example, he noted that misconduct occurred in a secure area of the National Computer Center, that if he had not gained control of himself at the time, he could have damaged more property or perhaps injured his co-workers. So he specifically noted that it was serious misconduct that did deserve a firm response from the agency. Do you agree that if the penalty was determined solely on time served, that that would be arbitrary? Without a consideration of the Douglas factors, you mean? Correct. Yes, there could be an argument that that would be arbitrary. And in this case, the conclusory statement, the grievance shall be reinstated without back pay, without any analysis whatsoever. Does that at least raise a question as to whether that was just a conclusion based on time served? No, because I think if you look at his analysis under the Douglas factors, he is specifically talking about the various facts of the case and where the misconduct occurred and the seriousness of it and also the mitigating factors. He doesn't, like I mentioned before, he doesn't, and you're correct, he doesn't specifically address whether 342 days specifically is reasonable and proportionate to the offense. But in other cases, there's a determination of a period of suspension and then there's a determination on the back pay question. And here, actually, there isn't any decision, is there, on the term of the suspension? It just states that he shall be reinstated without back pay, which in effect is 342 days. For all we know, he hasn't to this day been reinstated. But I would actually object to that because, I mean, yes, that's correct. No, he actually has been reinstated. He's back at work, I checked. So he's definitely back working for the Social Security Administration. But an American Federation of Government Employees, the arbitrator mitigated the removal to a 15-day suspension but denied back pay for a period during which employee was out of work, which was over six months. So it was, in effect, a six-month suspension, even though he found 15 days was the proper award and this court upheld that decision. And then in Stille, which is a non-precedential decision, that's correct, from 2007, almost identical facts to this case. I believe the employee took some medical tests for her own use at government expense and because she didn't have a union representative with her when she was questioned, the arbitrator mitigated the penalty to a time-served suspension, which was over a year in that case. And this court found that that penalty was not arbitrary and capricious and was supported by substantial evidence. You don't feel that there's any sort of tension, if not conflict, with QIFO and American Federation or OLEF? No, Your Honor, because in QIFO, the court specifically found that the penalty, I believe it was of 320 days, was all out of proportion to the offense. It was a relatively minor offense. The court considered, you know, the different components of the offense and also QIFO is part of, now has been incorporated into the Douglas factors, which the arbitrator and the MSPB consider when fashioning an appropriate penalty under their broad discretion to mitigate penalties. Wasn't QIFO basically a facts case on arbitrariness rather than a back pay act case? Yes, absolutely, Your Honor. But in those cases, I believe, it's not that fresh in my mind, that the extent of the suspension was before the arbitrator. That is, that there was something to show. I mean, here one might read this decision as thinking that the arbitrator intended that the date of the arbitration would control the end of the salary penalty rather than so many months later when the decision finally came out. I'm sorry, I don't understand your question. Really, I'm trying to, you say the court, I was thinking of your comment that the court thought the penalty was disproportionate. To me, this penalty looks disproportionate, and yet it wasn't discussed by the arbitrator at all. Maybe the arbitrator thought that the date of the arbitration, not the date of when the final written opinion came out, was in fact the end of the proceeding. No, I don't believe so, Your Honor. This is actually quite a common remedy with arbitrators. They frequently order time served suspensions. They usually don't take this long to issue an opinion. No, actually, I believe this is a pretty common, the year tends to be, from the cases I saw, tends to be kind of a standard amount. Now, there were certain, I believe, procedural issues that may have delayed the opinion in this case, just finding a hearing date that was good for both parties and everything. And I know the MSPB is slightly different because they have the 120-day time limit. But like I mentioned before, I haven't read the arbitrator's decision behind Stille, but I believe the arbitrator ordered a time served suspension in that case of over a year. And there's been several other instances where this court has considered it a non-precedential decision of time served suspensions of around a year in length like this case. I can't tell from the record here whether there were any applicable sort of policy statements or personnel statements that might have been implicated. For example, maybe there were policy statements with the agency at the time that, you know, if you do this, that's subject to 90-day suspension. If you do that, it's subject to 180-day suspension, et cetera, et cetera. There's no discussion of any of that. Now, does that mean that there were no such policy statements or guidelines or that that wasn't considered? There was not a table of penalties provided to the arbitrator. I do know that, Your Honor. And also, there was not examples of similar misconduct. But the only thing I believe he considered was various provisions of the collective bargaining agreement, which didn't specifically address time periods. Any more questions? We respectfully ask the court to affirm. Thank you. Thank you, Ms. Conrad. Mr. Cage? Thank you, Your Honor. It is true that it's not unheard of for arbitrators to do what the arbitrator did in this case, and they're consistently overturned by the MSPB because the MSPB feels, believes, based on what the Supreme Court says, that the arbitrators have to decide cases the same way that the MSPB would. And the MSPB, relying on the predecessor of this court, believes that it is arbitrary to determine penalties on the basis of accidental factors. Quiffo, I think, can be fairly read as a court saying two things, and I presume it was operating under the Administrative Procedures Act. One, what had been done below was arbitrary and should be overturned for that reason. Two, the length of the suspension in that particular case was out of proportion to the offense and should be overturned for that reason. Those are two different bases. It's like coming to a court or coming to the court and saying the decision is not supported by substantial evidence and it's an abuse of discretion. The court can rule both or one or the other. And Quiffo, I think it unequivocally said what was done, deciding the length of the penalty based on the administrative process, is arbitrary. It's arbitrary within the meaning of the Administrative Procedures Act and it's arbitrary within the meaning of 7703. So as of the date of that decision, I gather it was clear to everyone concerned what the extent of the... Yes, we all... Suspension would be and the deprivation of payment. Yes, Your Honor, we all did read it that way. The American Federation was a funny thing because in contrast to this case, there was a suspension. I mean, yes, arbitrary did impose a two-week suspension and he also said as remedy the person gets back seniority. So there's some kind of remedy there. And then the only issue is, does the Back Pay Act either permit or mandate back pay in that situation? The court in American Federation was not presented with the claim that Mr. Greenstreet is presenting and it did not decide that it would be arbitrary or not. It was presented solely with a Back Pay Act interpretation question. All it is even worse, it recites American Federation but the facts in that case and it went back a second time to the court and the arbitrator still couldn't do it right. The arbitrator simply wouldn't say the words, I find the person guilty of an offense or not. And that's, I mean, I don't think... Bizarre cases make bizarre law. These are not strong precedents for eviscerating the Civil Service Reform Act. I recognize that non-precedential cases, decisions by this court, have gone the wrong way. But that's why the court determines them to be non-precedential, I suppose. I think you can and ought to, in this case, given their erroneous concession that the Back Pay Act at least allows, would allow, arbitrator Johnson, in this case, to impose a 60-day suspension and give Mr. Greenstreet the money for that. You should just focus on the question of 7703, arbitrary. But if you believe that there is a tension, there's an obvious tension between Quiffo and American Federation. And with all due respect, I think the court should consider that en banc because this goes to the... Sooner or later, the case is going to come to this court and with an overturned 30 or 40 years of practice in the federal sector and radically changed employee management relations, it should be done on perhaps a better record than was presented in American Federation. Okay. Thank you, Your Honor. Thank you, Mr. Keat, Ms. Conrad. Case is taken under submissions.